Mr. Justice Merrick
delivered the opinion of the Court:
This case was certified to this Court to he heard in the first instance upon a demurrer to the plea of the Statute of Limitations. The plaintiff had filéd his declaration alleging that he had been injured by the act of a conductor on *557 the Washington and Georgetown Railroad by being thrown upon the ground upon the 5th day of June, 1884, through the carelessness of the conductor operating the car; that his right arm was fractured; that he was badly bruised and injured; and that in consequence he has been confined to his bed and permanently disabled.
In the progress of the cause the plaintiff found it necessary to amend his declaration — at least supposed that it was necessary to amend his delaration, upon the ground that the first declaration was not sufficiently explicit in averring affirmatively that the conductor, was acting as the agent of the defendant, and that the party injured was being carried for hire. Leave was granted by the Court, and the amendment was made to supply these defects, or supposed defects, in the original declaration. Thereupon the Statute of Limitations was pleaded as of the time when the amended declaration was filed. To that plea a demurrer was interposed upon the ground that the Statute of Limitations was not referable to the time when the amended declaration was filed, but was referable to the date of the institution of the suit.
Had there been no cause of action whatever stated in the original count, then, upon the authority of the case, which was referred to in argument (Johnston vs. The District of Columbia, 1 Mackey, 427), the plea of the Statute of Limitations would relate to the time when the amended declaration was filed. But that is not this case. The declaration here was not a declaration totally defective by reason of failing to state any cause of action. It was at' the most a declaration, stating imperfectly a good cause of action, and the difference is well recognized by the books between the defective statement of a good cause of action and the statement of a defective or bad cause of action. The one is capable of amendment; the other of course is not. Or, to test the matter in another way, the one will be supported *558 by a motion in arrest of judgment or a verdict for the plaintiff, while the other will not be so supported.
Without scrutinizing very much in detail the first count in the original declaration, as compared with the amendment, it is manifest to the Court that the same cause of action is mentioned both in the original and in the amended declaration. The earmarks are too unmistakable to not identify the transaction as being the same; and so long as the Court can see, when an amendment is proposed, that it states the same cause of action which was at first imperfectly stated, the Statute of Limitations is referable to the date of the institution of suit.
■ The demurrer is therefore sustained, and the cause is remanded for further proceedings.